UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

RODERICOL MURPHY,

      Plaintiff,

-vs-                                                             Case No.
                                                                     Hon.

MARIA JOHNSON,
In her individual capacity

      Defendant.

---

ZACHARY T. RUNYAN (P83671)
**RUNYAN LAW GROUP**
Attorneys for Plaintiff
31211 Jefferson Avenue
St. Clair Shores, MI 48082
(248) 341-0794
zrunyan@runyanlawgroup.com

---

There is no other civil action between these parties arising out of the same transaction or occurrence as alleged in this Complaint pending in this Court.

---

### **PLAINTIFF'S COMPLAINT AND JURY DEMAND**

NOW COMES Plaintiff, Rodericol Murphy, by and through his attorneys, RUNYAN LAW GROUP, and for his Complaint against the above-named Defendant, states as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction of the action under the provisions of Title 28 of the United States Code, Sections 1331, 1343, and 42 USC §1983.

2. This a civil action brought pursuant to the Civil Rights Act, 42 U.S.C. §1981, *et seq.*, seeking monetary and punitive damages against Defendant under 42 U.S.C. §1983, and costs and attorney fees under 42 U.S.C. §1988, for violations of Plaintiff's rights under the Fourth, Eighth and/or Fourteenth Amendments of the United States Constitution.

3. Plaintiff brings the suit Defendant in her individual capacity.

4. Each and every act of Defendant, as set forth herein, were done by Defendant under the color and pretense of the statutes, ordinances, regulations, laws and customs, and by virtue of, and under the authority of the color of law and such actions were performed in the course and scope of employment of each individual Defendant.

5. That the amount in controversy exceeds Seventy-Five Thousand ($75,000.00) Dollars, exclusive of costs, interest, and attorney fees

## PARTIES

6. Plaintiff, Rodericol Murphy, a male, resides in Montgomery, Alabama, and at all relevant times was an inmate at the Richard Handlon Correctional Facility (MTU) operated by Defendant MDOC.

7. Upon information and belief, Defendant Maria Johnson ("Johnson"), a female, resides in the County of Kent, State of Michigan. At all times relevant hereto, Defendant Johnson was a Corrections Officer for the Michigan Department of Corrections.

## FACTUAL ALLEGATIONS

8. Plaintiff was an inmate in the Michigan Department of Corrections for over 20 years.

9. In 2022, Plaintiff was housed at the Richard Handlon Correctional Facility (MTU) in Ionia, Michigan.

10. While at MTU, one of the corrections officers in charge of Plaintiff's area was Defendant Johnson.

11. In August of 2022, Defendant Johnson began sexually harassing Plaintiff.

12. For example, Defendant Johnson began demanding that Plaintiff come out of the shower naked.

13. On many occasions, when Plaintiff exited the shower with a towel on, Defendant Johnson demanded that Plaintiff "let me see your towel drop."

14. On many occasions throughout August and September of 2022, Defendant demanded that Plaintiff let her touch his penis.

15. Then, on or about September 10, 2022, Defendant grabbed Plaintiff's bare penis while in Plaintiff's cell.

16. Plaintiff frequently objected to Defendant Johnson's behavior and told her he was offended by her sexual behavior.

17. Due to Plaintiff objecting to Defendant Johnson's sexual harassment, Defendant Johnson began subjecting Plaintiff to unjustified misconduct reports.

18. Plaintiff complained to Defendant Johnson about the unjustified reports.

19. Defendant Johnson told Plaintiff that she would continue writing misconduct reports unless Plaintiff engaged in sexual activity with her.

20. Plaintiff refused Defendant Johnson's demands.

21. Therefore, Defendant Johnson continued to seek unjustified discipline against Plaintiff.

22. Plaintiff frequently complained to MDOC about Defendant Johnson's sexual harassment and retaliation.

23. Despite Plaintiff's complaints, MDOC did nothing to protect Plaintiff from Defendant Johnson's harassment or retaliation.

24. Defendant Johnson's sexual abuse and harassment of Plaintiff continued until Plaintiff was discharged.

25. As a result Defendant's actions, Plaintiff has suffered and will continue to suffer damages including, but not limited to:

    a. Stress;

    b. Humiliation;

    c. Embarrassment;

    d. Outrage;

    e. Mental anguish;

    f. Denial of Social Pleasures

    g. Fear and mortification;

    h. Emotional Damages;

    i. Economic damages;

    j. Non-economic Damages;

    k. Attorney fees and costs;

    l. Other damages to be discovered through the course of litigation

## CAUSES OF ACTION

### COUNT I
### 42 U.S.C. § 1983 – EIGHTH AMENDMENT – CRUEL AND UNUSUAL PUNISHMENT

26. Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

27. Defendant Johnson was acting under color of state law at all times relevant to this action.

28. It has been held previously that sexual abuse of inmates can violate the 8th Amendment even in the absence of physical touching by a corrections officer. *Kent v Johnson*, 821 F.2d 1220 (6th Cir. 1987); *Rafferty v Trumbull County, Ohio, et al*, 915 F.3d 1087 (2019); *Lee v Downs*, 641 F.2d 1117 (4th Cir. 1981); *Daskalea v District of Columbia*, 227 F.3d 433 (D.C. Cir. 2000).

29. The above-described acts of Defendant constituted unnecessary and wanton infliction of pain and suffering and emotional distress on Plaintiff.

30. The conduct of the aforementioned Defendant deprived Plaintiff of his clearly established rights, privileges, and immunities guaranteed to his under the United States Constitution, specifically those set forth under the Eighth Amendments, as evidenced by the following particulars:

   a. Consciously requesting Plaintiff to perform sex acts and reveal his body in a sexual manner exposing Plaintiff to an excessive risk of serious harm;

    b. Requesting Plaintiff remove his clothing for an inappropriate purpose in violation of his right to be free from unreasonable searches and seizures;

    c. Grabbing Plaintiff's penis in a sexual manner exposing Plaintiff to an excessive risk of serious harm

    d. Consciously depriving Plaintiff of his right to bodily integrity and right to privacy;

    e. Consciously depriving Plaintiff of his right to be free from sexual harassment and sexual abuse.

    f. Consciously creating a condition of confinement which violated Plaintiff's constitutional and civil rights.

31. As a direct and proximate cause and consequence of the unconstitutional acts described above, Plaintiff suffered and continues to suffer injuries, damages and losses as set forth herein.

### COUNT II
### 42 U.S.C. § 1983 – FOURTH AND FOURTEENTH AMENDMENT – SUBSTANTIVE DUE PROCESS- INVASION OF BODILY INTEGRITY AND RIGHT TO PRIVACY

32. Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

33. Defendant Johnson was acting under color of state law at all times relevant to this action.

34. By sexually harassing and assaulting Plaintiff without his consent, Defendant Johnson violated Plaintiff's right to be secure in his bodily integrity and

7

right to privacy, a liberty interest protected by the Due Process Clause of the Fourth and Fourteenth Amendments.

35. Defendant Johnson acted recklessly, with conscious disregard to Plaintiff's right to be secure in his bodily integrity and Plaintiff's right to privacy by conducting pervasive sexual abuse as a state actor against Plaintiff as an inmate as described herein.

36. When viewed in total, this conduct is outrageous and shocks the conscience.

37. The acts or omissions of Defendant were a legal and proximate cause of Plaintiff's damages in that he suffered physical intrusion into bodily privacy and integrity, humiliation, and mental and emotional pain and anguish, and continues to suffer mental and emotional pain and anguish to this day.

## COUNT III
## 42 U.S.C. § 1983 – FOURTEENTH AMENDMENT – EQUAL PROTECTION

38. Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

39. The Fourteenth Amendment to the United States Constitution, enforceable pursuant to 42 U.S.C. § 1983, provides that no state shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1.

40. Defendant Johnson was acting under color of state law at all times relevant to this action.

41. Pursuant to her duty to protect, Defendant's sexual abuse, sexual assault, privacy violations, battery, exploitation, discrimination and degrading treatment of Plaintiff violated Plaintiff's rights to equal protection of the law.

42. Plaintiff's sex and/or gender was at least one factor that made a difference in Defendant's treatment of Plaintiff and subjecting Plaintiff to a hostile environment.

43. The above-described acts of abuse and inferior treatment is not substantially related to an important and legitimate government interest and violates Plaintiff's rights to equal protection under the law and 42 U.S.C. §1983.

44. The denial of Plaintiff's right to equal opportunity for rehabilitation and the subjection of the Plaintiff to a hostile prison environment constitutes prohibited discrimination based on his sex and/or gender.

45. Defendant's actions were intentional in disregard for Plaintiffs' rights and sensibilities.

46. As a direct and proximate cause and consequence of the unconstitutional policies, procedures, customs, acts, inactions, and/or practices described above, Plaintiff suffered and continues to suffer injuries, damages and losses as set forth herein.

WHEREFORE Plaintiff respectfully requests that this Honorable Court enter judgment on Plaintiff's claims in a sum that the Court or jury find to be fair and just, including attorney fees, costs, and exemplary damages.

                Respectfully submitted,

                /s/ *Zachary T. Runyan*
                Zachary T. Runyan (P83671)
                **Runyan Law Group**
                31211 Jefferson Ave.
                St. Clair Shores, MI 48082
                (248)-341-0794
                Zrunyan@runyanlawgroup.com

Dated: September 9, 2025

## DEMAND FOR TRIAL BY JURY

NOW COMES Plaintiff, Rodericol Murphy, by and through his attorneys, Runyan Law Group, and hereby demands a trial by jury in the above-captioned matter.

                Respectfully submitted,

                /s/ *Zachary T. Runyan*
                Zachary T. Runyan (P83671)
                **Runyan Law Group**
                31211 Jefferson Ave.
                St. Clair Shores, MI 48082
                (248)-341-0794
                Zrunyan@runyanlawgroup.com

Dated: September 9, 2025